IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RAYMOND MATHIS,                    )
AIS #140252,                       )
                                   )
            Plaintiff,             )
                                   )
    v.                             )         CASE NO. 1:08-CV-371-WHA
                                   )              [WO]
                                   )
SHERIFF ANDY HUGHES, et al.,       )
                                   )
            Defendants.            )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint

filed on May 20, 2008 by Raymond Mathis ["Mathis"], an inmate currently incarcerated

in the state prison system and frequent litigant before this court.  In the instant complaint,

Mathis challenges the amount of time correctional personnel allowed him to use the law

library during his confinement in the Houston County Jail.  Mathis names Andy Hughes,

the sheriff of Houston County, Alabama, Keith W. Reed, commander of operations at the

Houston County Jail, and Sgt. Kim Turner and Sgt. Beverly Reynolds, correction al officers

for the jail, as defendants in this cause of action.  Mathis seeks declaratory and any other

relief the court deems appropriate.  *Plaintiff's Complaint - Court Doc. No. 1* at 4.

The defendants filed a special report and supporting evidentiary materials addressing

the claim presented in the complaint.  Pursuant to the orders entered herein, the court

deems it appropriate to treat the defendants' report as a motion for summary judgment. *Order of October 1, 2008 - Court Doc. No. 28*.  Thus, this case is now pending on the defendants' motion for summary judgment.  Upon consideration of this motion, the evidentiary materials filed in support thereof and the plaintiff's response in opposition to the report/motion, the court concludes that the defendants' motion for summary judgment is due to be granted.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[1]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including

---

[1]Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules.  These changes ... are stylistic only." Fed.R.Civ.P. 56 Advisory Committee Notes.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

The defendants have met their evidentiary burden and demonstrated the absence of any genuine issue of material fact. Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

In civil actions filed by inmates, federal courts

must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail

on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted). Consequently, to survive the defendants' properly supported motion for summary judgment, Mathis is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e)(1), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own

4

conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting

the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate

this court's disregard of elementary principles of production and proof in a civil case.  In this case, Mathis fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment.  *Matsushita*, *supra*.

## III.  DISCUSSION

Mathis complains the defendants denied him access to the court by failing to provide him adequate time in the law library.  The law directs that incarcerated persons are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts."  *Bounds v. Smith*, 430 U.S. 817, 825 (1977).  In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court clarified and limited the right to assistance set forth in *Bounds*.  Specifically, the Court held that "an inmate alleging a violation of *Bounds* must show actual injury" arising from the alleged inadequacies in the law library, legal assistance program or access provided by officials. *Lewis*, 518 U.S. at 349.  In identifying the particular right protected by *Bounds*, the Court explained that "*Bounds* established no ... right [to a law library or to legal assistance].  The right that *Bounds* acknowledged was the (already well-established) right of ***access to the courts***.... [P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'"  *Id*. at 350-351 (emphasis in original) (citations omitted).  The Court further opined  *Bounds* did not require "that the State ...

7

enable the prisoner to ***discover grievances***, and to ***litigate effectively*** once in court....  To demand the conferral of such sophisticated legal capabilities upon a mostly uneducated and indeed largely illiterate prison population is [not something] ... the Constitution requires." *Id*. at 354 (emphasis in original).

The Court similarly rejected the argument that the mere claim of a systemic defect, without a showing of actual injury, presented a claim sufficient to confer standing.  *Id*. at 349.  Moreover, *Lewis* emphasized that a *Bounds* violation is related to the lack of an inmate's capability to present claims.  518 U.S. at 356.  "*Bounds*, which as we have said guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.  When any inmate ... shows that an actionable claim of this nature which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented, because this capability of filing suit has not been provided, he demonstrates" the requisite actual injury.  *Lewis*, 518 U.S. at 356.  Finally, the Court discerned that the injury requirement is satisfied only when an inmate has been denied "a reasonably adequate opportunity to file nonfrivolous legal claims challenging [his] convictions or conditions of confinement....  ***[I]t is that capability, rather than the capability of turning pages in a law library, that is the touchstone***." *Id*. at 356-357 (emphasis added).  "[T]he Constitution does not require that prisoners ... be able to conduct

generalized research, but only that they be able to present their grievances to the courts - a more limited capability that can be produced by a much more limited degree of legal assistance." *Id*. at 360.  The Court admonished that federal courts should allow prison officials to determine the best method of ensuring that inmates are provided a reasonably adequate opportunity to present their nonfrivolous claims of constitutional violations to the courts. *Id*. at 356.  A federal district court must "'scrupulously respect[] the limits on [its] role,' by 'not ... thrust[ing] itself into prison administration' and instead permitting '[p]rison administrators [to] exercis[e] wide discretion within the bounds of constitutional requirements.' [*Bounds*, 430] U.S. at 832-833, 97 S.Ct. at 1500." *Id*. at 363.

The record in this case and the several other cases filed by Mathis with this court in 2008 establish jail personnel provided Mathis access to legal materials during his confinement at the Houston County Jail and in no way inhibited his preparation of legal documents, filing of pleadings or processing of any cause of action.[2]   In addition, throughout the proceedings in this case and his numerous other cases, Mathis repeatedly demonstrates he is both proficient and prolific at presenting and arguing the claims of his choice to this or any other court.  Nothing in the record indicates that the actions about which Mathis complains improperly impeded or adversely affected his efforts to pursue

---

[2]From April 9, 2008 until September 4, 2008 while confined in the Houston County Jail, Mathis filed and properly litigated thirteen (13) civil actions with this court.  Moreover, the undisputed record in one of these cases, *Mathis v. Woodall*, 1:08-CV-286-MHT-TFM, establishes that Mathis, although represented by appointed counsel, filed several *pro se* motions in criminal cases lodged against him by the Circuit Court of Houston County for third degree burglary.

nonfrivolous legal claims.  Mathis has utterly and completely failed to come forward with any evidence that the actions about which he complains deprived him of the ***capability*** of pursing claims in this or any other court.  Thus, Mathis does not establish he suffered the requisite injury, *Lewis*, 518 U.S. at 356, and the defendants are therefore entitled to summary judgment in this case.  *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006) (access to courts claim fails because plaintiff did not show any actual injury); *Chandler v. Baird*, 926 F.2d 1057 (11th Cir. 1991) (inmate entitled to no relief on access to courts claim in "the absence of any indications of ultimate prejudice or disadvantage....").

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion for summary judgment be granted.

2. Judgment be entered in favor of the defendants.

3. The costs of this proceeding be taxed against the plaintiff.

4. This case be dismissed with prejudice.

It is further

ORDERED that  on or before August 11, 2010 the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this

Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 28th   day of July, 2010.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE